**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon O'Shea, | No. CV11-08102-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| OneWest Bank, FSB, et al., | |
| Defendants. | |

Defendants OneWest Bank, FSB ("One West"), Deutsche Bank National Trust Company, as Trustee for the Residential Asset Securitization Trust 2005-A15 ("Deutsche Bank"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Bank Defendants"), have filed a motion to dismiss Plaintiff Shannon O'Shea's second amended complaint. Doc. 44. Defendants V2, LLC ("V2") and MTC Financial Inc. d/b/a/ Trustee Corps ("MTC") have filed separate motions to dismiss. Docs. 43, 51. The motions are fully briefed. Docs. 44, 45, 48; Docs. 43, 46, 47; Docs. 51, 52, 53. The parties have not requested oral argument. For the reasons that follow, the Court will grant the motions.

**I.     Procedural Background.**

On June 3, 2011, Plaintiff filed a pro se complaint against Defendants One West, Deutsche Bank, MTC, and MERS in Yavapai County Superior Court. Doc. 1-1, at 6-26. That complaint asserted causes of action for lack of standing, unfair business practices, forging real estate documents, and intentional infliction of emotional distress. *See id.* Bank Defendants removed the action to this Court on June 30, 2011. Doc. 1. OneWest

filed a motion to dismiss the complaint on July 11, 2011 (Doc. 5), and Deutsche Bank and MERS joined (Doc. 7). On September 20, 2011, the Court granted Bank Defendants' motion to dismiss and gave Plaintiff leave to file an amended complaint. Doc. 17. Plaintiff filed her first amended complaint on October 7, 2011, naming One West, Deutsche Bank, MTC, MERS, and V2 as Defendants. Doc. 21. The Court stayed the case on October 4, 2011, due to Plaintiff's bankruptcy. Doc. 20. On December 7, 2011, the Court lifted the stay because Plaintiff's bankruptcy case had been dismissed. Doc. 32.

Counsel appeared on behalf of Plaintiff in late December of 2011 and suggested he wanted to amend the complaint again. Docs. 34, 37. The Court accordingly denied Bank Defendants' motion to dismiss and granted Plaintiff leave to file a second amended complaint. Doc. 38. Counsel for Plaintiff filed the second amended complaint on January 27, 2012. Doc. 41.

**II.   Factual Background.**

Plaintiff alleges the following facts. On October 21, 2005, Plaintiff executed a Note and Deed of Trust in connection with her purchase of the subject property ("the Property"). Doc. 41, ¶ 8. IndyMac Bank, FSB was named the original lender, Lawyers Title Insurance Corporation was named the trustee, and MERS was named the beneficiary. *Id.* Plaintiff alleges that she never knowingly consented to the securitization of her mortgage, the use of MERS to register assignments of the original lender's beneficial interest in the Deed to third parties, and the use of MERS to register one or more transfers of the Note. *Id.* at ¶ 14.

On December 16, 2010, MERS initiated non-judicial foreclosure proceedings on the Deed (*id.* at ¶ 10) and assigned beneficial interest in the Deed to Deutsche Bank (*id.* at ¶ 15). On the same day, Deutsche Bank executed a substitution of trustee and appointed MTC as successor trustee with power of sale. *Id.* at ¶ 16. MTC executed and recorded a notice of trustee's sale on January 3, 2011, and the sale was scheduled for April 6, 2011. *Id.* at ¶ 18. V2 purchased the Property at the trustee's sale on July 28,

2011. *Id.* at ¶ 25. Plaintiff claims that since MERS was never the true beneficiary under the Deed, it lacked the power to appoint MTC as the successor trustee, and MTC therefore could not lawfully initiate foreclosure of the Property. *Id.* Plaintiff also claims that the notice of trustee's sale scheduled the sale for "April 6, 2011 on the front steps of the Old Yavapai County Courthouse without setting forth the 'time' of that sale," and thus violated A.R.S. § 33-801.[1] *Id.* at ¶ 18. Plaintiff does make any allegations with respect to notice of the July 28, 2011 trustee's sale. At some time during these proceedings, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for IndyMac Bank, and IndyMac's assets were sold to One West. *Id.* at ¶ 46.

Plaintiff makes six largely repetitive claims in her second amended complaint: (1) MERS, Deutsche Bank, and One West lacked standing and authority to foreclose on the Property and to enforce the Note, (2) Deutsche Bank and One West never obtained a beneficial interest in the Deed or Note and had no standing to exercise the power of sale, initiate foreclosure, or appoint MTC as successor trustee (against MERS, Deutsche Bank, and One West), (3) One West lacked standing or authority to foreclose on the Property, (4) Deutsche Bank could not lawfully foreclose and enforce the Note, (5) tender of the amount due and owing on the Property is not required where, as here, the sale is void (against Deutsche Bank and One West), and (6) V2 is not a good faith purchaser for value without notice, and is not entitled to rely on the conclusive presumption of validity contained in A.R.S. § 33-811(B). Doc. 41.

**III.   Legal Standard.**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] A.R.S. § 33-801 contains general definitions for Arizona trust law. The Court assumes that Plaintiff intended to cite A.R.S. § 33-808, which governs notices of trustee's sale.

- 3 -

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P 8(a)(2)). Dismissal is appropriate where the complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory. *See Balistreri v. Pacifica Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

**IV.   Bank Defendants' Motion to Dismiss.**

Bank Defendants move to dismiss the second amended complaint in its entirety, with prejudice, pursuant to Rules 8 and 12(b)(6). Doc. 44.

**A.   Rule 8.**

Plaintiff has asserted five separate claims against Bank Defendants.[2] The claims are substantively indistinguishable. Each is premised on the assertion that Bank Defendants lacked standing to foreclose on the Property because none of them had a

---

[2] Count Six is alleged solely against Defendant V2. Doc. 44, at 6 n.1; Doc. 41, ¶¶ 73-76.

- 4 -

1    beneficial interest in the Property.  *See* Doc. 41, at 14-22.

2         In Count One, Plaintiff opines about the general state of the mortgage industry and
3    the importance of judicial oversight.  *See id.* at 14-15.  She alleges that Bank Defendants
4    lacked standing to foreclose due to improper recording, assignment, and/or endorsement
5    of the Note.  *Id.* at ¶¶ 55-59.  She also alleges that Bank Defendants were required to
6    explain "when or how Deutsche Bank ever became the Successor Lender, the new
7    'beneficiary,' or the 'mortgage' [sic]," giving it the power to appoint MTC as successor
8    trustee and to record the notice of trustee's sale.  *Id.* at ¶ 58.

9         Count Two asserts that Bank Defendants lacked standing to conduct the trustee's
10   sale because they did not produce "a copy of the Statement of Breach or Nonperformance
11   signed by the original lender or its true successor."  *Id.* at ¶ 60.

12        Count Three asserts lack of standing against One West only, based on allegedly
13   improper transfer and/or endorsement of the Note and One West's failure to demonstrate
14   to the Court that the transfer from the original lender, IndyMac Bank, ever occurred.  *Id.*
15   at ¶¶ 62-65.

16        Count Four asserts lack of standing against Deutsche Bank only.  Again, "the
17   primary challenge raised by [Plaintiff] relates to the authority of [Deutsche Bank] to
18   initiate non-judicial foreclosure proceedings and its purported authority to enforce the
19   note."  *Id.* at ¶ 69.  Plaintiff claims that the presumption of compliance with the deed of
20   trust, A.R.S. § 33-811(B), is not available to Bank Defendants "because that statute
21   relates solely to compliance with the procedural requirements for a non-judicial
22   foreclosure and does not apply to a claim by a borrower like [Plaintiff] that the entity
23   appointing a Successor Trustee . . . is not the true beneficiary[.]"  *Id.* at 20.

24        Count Five asserts lack of standing against Deutsche Bank and One West.
25   Plaintiff alleges that Deutsche Bank had no authority from the true beneficiary of the
26   Deed to foreclose on the Property.  *Id.* at ¶ 71.

27        In sum, Plaintiff's complaint contains general allegations that the Note and Deed
28   were not properly assigned or endorsed, but fails to provide specific facts as to which

transfers were invalid, why they were invalid, and what laws were violated as a result. Plaintiff has not pled sufficient facts to show that she is entitled to relief on her "lack of standing" claims. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (citation omitted). Moreover, the Court need not endeavor to piece together the vague and repetitive allegations throughout Plaintiff's complaint. *See Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 640 (9th Cir. 1988) (holding that a complaint with the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a)).

**B.     Rule 12(b)(6).**

Dismissal is appropriate under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *See Balistreri*, 901 F.2d at 699. Here, Plaintiff has waived her "lack of standing" claim because she did not enjoin the trustee's sale before it occurred. Doc. 41, ¶ 32; Doc. 45, at 15. A.R.S. § 33-811(C) provides:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive *all defenses and objections* to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 pm mountain standard time on the last business day before the scheduled date of the sale.

A.R.S. § 33-811(C) (emphasis added). "In effect, section 33-811 requires Plaintiff[] to assert any objections to and obtain injunctive relief from the trustee's sale prior to such sale or risk losing their rights to object."[3] *Spielman v. Katz*, No. CV 10-0184-PHX-JAT,

---

[3] *But cf. Martenson v. RG Financing*, No. CV09-1314-PHX-NVW, 2010 WL 334648, at *8 (D. Ariz. Jan. 22, 2010) (concluding that the plaintiff does not waive certain notice objections irrespective of the trustee's sale). Plaintiff has not made any allegations of deficient notice with respect to the July 28, 2011 trustee's sale at issue. Plaintiff does allege that the notice of trustee's sale with respect to the original April 6, 2011 sale date failed to contain the time of sale. Doc. 41, ¶ 18. Contrary to Plaintiff's assertion, the notice provided that the sale would take place at the "Old Yavapai County Courthouse . . . on April 6, 2011 at 10:00 AM on said day." Doc. 45-6, at 2. The notice

2010 WL 4038838, at *3 (D. Ariz. Oct. 14, 2010). Section 33-811 applies even though Plaintiff filed her complaint in superior court before the trustee's sale. *See id.* She failed to secure any injunctive relief, and has thus waived her claims by failing to fulfill the requirements of A.R.S. § 33-811(C).

Plaintiff contends that, "[d]espite many decisions to the contrary from the United States District Court for the District of Arizona," the Court should adopt the case law of other districts and require Bank Defendants to produce the Note before initiating foreclosure. Doc. 45, at 14. The Court will follow the precedent in this District. As the Court noted in granting Bank Defendants' first motion to dismiss (Doc. 17), this District has "repeatedly . . . rejected debtors' attempts to assert the so-called 'show me the note' theory." *Robinson v. Wells Fargo Bank, N.A.*, No. CV 09-2066-PHX-JAT, 2010 WL 2534192, at *4 (D. Ariz. June 18, 2010); *see Mansour v. Cal-W. Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (collecting cases). Furthermore, Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing a trustee's sale. *See Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009); A.R.S. § 33-807. Plaintiff argues that even if Bank Defendants did not produce the Note, they were required to produce a "Lost Note Affidavit," without which the foreclosure could not occur. Doc. 41, ¶ 38; Doc. 45, at 10. She cites A.R.S. § 47-3309 in her second amended complaint. Doc. 41, ¶ 38. Section 47-3309 provides for the enforcement of lost, destroyed, or stolen instruments, but a "Deed of Trust . . . is not an 'instrument' under the Arizona Uniform Commercial Code – Negotiable Instruments' and, therefore, the [statute] is not applicable to non-judicial foreclosures." *Dumont v. HSBC Mortg. Corp., USA*, No. CV-10-1106-PHX-MHM, 2010 WL 3023885, at *3 (D. Ariz. Aug. 2, 2010) (citation omitted); *see also Warren v. Sierra Pac. Mortg. Servs. Inc.*, No. CV10-2095-PHX-NVW, 2010 WL 4716760, at *3 (D. Ariz. Nov. 15, 2010) ("Plaintiffs cite to A.R.S. § 47-3309, a UCC section dealing with the enforceability of negotiable instruments. However, Plaintiffs do

---

met the requirements of A.R.S. § 33-808.

not 'cite, nor is the court aware of, any controlling authority providing that the cited UCC section applies in nonjudicial foreclosure proceedings in Arizona.'") (citation omitted); *Hogan v. Washington Mut. Bank, N.A.*, 261 P.3d 445, 449 (Ariz. App. 2011) (holding that "the deed of trust is not itself a negotiable instrument subject to the UCC provision defining the 'person entitled to enforce' an instrument"). In her response, Plaintiff cites A.R.S. § 33-309 in support of her "Lost Note Affidavit" argument (Doc. 45, at 10), but there is no Arizona statute with that citation.

Plaintiff's claim that Bank Defendants were required to produce a chain of assignment and that the assignments were not properly recorded likewise fails. Courts in this District have recognized that "an assignment of the beneficial interest in a deed of trust [need not] be recorded to be valid." *Diamond v. One West Bank*, No. CV-09-1593-PHX-JFM, 2010 WL 1742536, at *4 (D. Ariz. April 29, 2010). The Arizona Supreme Court has held that Arizona's non-judicial foreclosure statutes do not impose a recording requirement before a trustee's sale is noticed. *In re Vasquez*, 266 P.3d 1053, 1055-56 (Ariz. 2011).

Finally, to the extent that Counts One through Five can be interpreted as wrongful foreclosure claims, Arizona state courts have not recognized a wrongful foreclosure cause of action. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). Even if a wrongful foreclosure claim were available, such claims are typically premised on allegations that the borrower was not in default, or on procedural issues that resulted in damages to the borrower. *Id.* Here, Plaintiff has not disputed that she was in default on the loan, and has not alleged any damages as a result of procedural issues. Plaintiff instead claims that she was not required to pay the current amount due on her loan where "fraud in the purported assignment of the loan from IndyMac Bank to Deutsche Bank as Trustee in the form of the alleged robo-signing of the documents has been alleged." Doc. 45, at 13. Plaintiff has cited no authority for this proposition, nor does her second amended complaint appear to contain any fraud allegations.

For all of these reasons, Plaintiff's second amended complaint is devoid of any

cognizable legal theory. The Court will therefore grant Bank Defendants' motion and dismiss Counts One through Five with respect to all Defendants.

**V.     V2's Motion to Dismiss.**

V2 moves to dismiss Plaintiff's second amended complaint with prejudice, pursuant to Rules 8, 9(b), and 12(b)(6). Doc. 43. The Court has dismissed Counts One through Five for the reasons addressed above, and therefore need only consider V2's motion with respect to Count Six. Count Six alleges that V2 was not a good faith purchaser for value without actual or constructive notice of another's rights to the Property, and is therefore not entitled to the conclusive presumption of the validity of the Deed contained in A.R.S. § 33-811(B). Doc. 41, at 23. Plaintiff has not alleged a cause of action or a claim for relief, but merely argues that a particular statute does not apply. The Court will grant V2's motion and dismiss Count Six because Plaintiff neither pleads enough facts to state a claim to relief that is plausible on its face, *Twombly*, 550 U.S. at 570, nor asserts a cognizable legal theory, *Balistreri*, 901 F.2d at 699.

**VII.    MTC's Motion to Dismiss.**

MTC moves to dismiss Plaintiff's second amended complaint pursuant to Rule 12(b)(6). For the reasons set forth above, the Court will grant MTC's motion and dismiss all claims with respect to MTC. Furthermore, MTC was improperly joined as a trustee in this action. "The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. . . . If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed[.]" A.R.S. § 33-807(E). Plaintiff has not alleged that MTC breached its obligations under either Arizona trust statutes or the Deed.

**VIII.   Leave to Amend.**

Plaintiff seeks leave to amend. Doc. 45, at 1-2; Doc. 52, at 13. The Court recognizes that leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), but leave to amend is not in the interest of justice when a plaintiff has shown through repeated attempts that she cannot state a claim. Plaintiff has now had

three separate opportunities to plead her claims. Before filing her first amended complaint, Plaintiff was advised of the legal defects in her "lack of standing" claims and was advised of Rule 8's pleading requirements as interpreted by the Supreme Court in *Twombly* and *Iqbal*. Doc. 17. Plaintiff nonetheless restated these claims in her first amended complaint. Doc. 21, at 14. Plaintiff obtained counsel before filing her second amended complaint. Doc. 37. Plaintiff's counsel had the benefit of the Court's dismissal order on Plaintiff's first complaint and the arguments set forth in the motions to dismiss her first amended complaint, and yet Plaintiff's second amended complaint asserted the same "lack of standing" claims the Court had already rejected. Indeed, Plaintiff's counsel acknowledged in response to the motions to dismiss the second amended complaint that Plaintiff's claims face "many decisions to the contrary from the United States District Court for the District of Arizona." Doc. 45, at 14.

In short, Plaintiff has made her claims clear through repeated pleadings and they simply are not legally viable claims. Plaintiff has not shown, and it does not otherwise appear to the Court, that the deficiencies in Plaintiff's claims can be cured through further amendments. The Court will therefore deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied as futile); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where the complaint could not be saved by any amendment).

**IT IS ORDERED:**

1. Defendants' motions to dismiss the second amended complaint (Docs. 43, 44, 51) are **granted**.
2. Plaintiff's request for leave to amend (Docs. 45, 52) is **denied**.
3. The clerk is directed to terminate this action.

Dated this 30th day of April, 2012.

_____
David G. Campbell
United States District Judge